UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL LACONDI, | |
| Plaintiff, | 07 Civ. 2600 (SCR) |
| v. | |
| LAW OFFICES OF COHEN & SLAMOWITZ, LLP, and MIDLAND CREDIT MANAGEMENT, | MEMORANDUM DECISION AND ORDER |
| Defendants. | |

**STEPHEN C. ROBINSON, United States District Judge.**

Michael LaCondi filed this action against the Law Offices of Cohen & Slamowitz, LLP ("C&S") and Midland Credit Management ("Midland"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et. seq., and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et. seq. Mr. LaCondi filed a notice of voluntary dismissal, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, of the claims against Midland, which dismissed it from the case. Currently before the Court are C&S's motion for judgment on the pleadings and for summary judgment, and the parties' cross-motions for sanctions.

Mr. LaCondi's Complaint sets forth few factual allegations concerning C&S. The Complaint alleges that C&S allegedly sent Mr. LaCondi a dunning letter, dated January 5, 2007, demanding payment of $1,312.87 and reported that debt to credit reporting agencies. *See* Complaint for Violation of the Fair Debt Collection Practices Act ( "Compl.") ¶ 8. Mr. LaCondi claims that this dunning letter violated federal law because, on December 28, 2006, Mr. LaCondi had sent a letter to *both* Midland and C&S requesting validation of the debt. Compl. ¶ 7. On the

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

basis of this conduct, Mr. LaCondi contends that C&S violated 15 U.S.C. § 1692g(b) and committed the tort of intentional infliction of emotional distress. *See* Compl. ¶¶ 10-13, 31-34.

Despite the representations to the Court contained in the Complaint—that Mr. LaCondi actually sent a letter to *both* Midland and C&S requesting validation of the debt—Mr. LaCondi only sent such a letter to Midland. *See* Defendant's Affirmation in Support of Motion for Summary Judgment ("Def.'s Affirm.") ¶ 6-7; *id.* Exh. C at 1. Indeed, Mr. LaCondi now concedes that he did not in fact send any dispute letter to C&S. *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Rule 56 Motion for Summary Judgment ("Pl.'s Mem.") at 8. Accordingly, the Complaint does not state a claim under the FDCPA.[1] *See* 15 U.S.C. § 1692g(b).[2]

Mr. LaCondi requests that he be given an opportunity to amend the Complaint. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, a "court should freely give leave when justice so requires." Although leave to amend is favored as a general matter, courts should hesitate to grant leave in cases where there is a "showing of bad faith or undue prejudice." *Anthony v. City of New York*, 339 F.3d 129, 138 n.5 (2d Cir. 2003); *Browning Debenture Holders' Comm. v. DASA Corp.*, 560 F.2d 1078, 1086 (2d Cir. 1977) (discussing factors such as dilatory motive, repeated failure to cure deficiencies in previous amendments, and futility). In this case, contrary to C&S's suggestion, the Court is not convinced that Mr. LaCondi's

---

[1] The Complaint's allegation that C&S intentionally caused Mr. LaCondi suffered emotional distress by sending him a dunning letter seeking payment for $1,312.87. *See Higgins v. Metro-North R.R. Co.*, 318 F.3d 422, 426 (2d Cir. 2003) (describing the "extreme and outrageous" conduct required to prove the tort of intentional infliction of emotional distress").

[2] Section 1692g(b) states, in relevant part:

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

07 Civ. 2600 (SCR)                                                                                                    3

misstatements in the Complaint were made in bad faith or that C&S would incur any *undue*

prejudice from allowing Mr. LaCondi an opportunity to amend his Complaint.  Therefore, Mr.

LaCondi may file within 10 days of the issuance of this opinion an amended complaint.

Similarly, the C&S's request for attorney's fees is denied.  *See* 15 U.S.C. § 1692k(a)(3)

(requiring a showing that the action was "brought in bad faith and for the purpose of

harassment").  Finally, the parties' cross-motions for sanctions are denied.

The Clerk of the Court is directed to close docket entries number 11, 15, and 16.

*It is so ordered.*

Dated: _____, 2008

White Plains, New York

_____
Stephen C. Robinson
United States District Judge